CATHERINE E. HOLZHAUSER, SBN 118756
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA 95814-4714
Telephone:  916.325.2100
Facsimile:   916.325.2120
Email:         cholzhauser@beesontayer.com

Attorneys for Plaintiff
Trustees on Behalf of Supplemental Income 401(k) Plan

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN, <br><br> Plaintiff, <br><br> v. <br><br> BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICE, INC, <br><br> Defendant | Case No. <br><br> **COMPLAINT** |
|---|---|

PLAINTIFF ALLEGES AS FOLLOWS:

## JURISDICTION AND VENUE

1.  This action arises under the National Labor Relations Act, 29 U.S.C. §185, and under the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145 for the administration of trust fund business. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e). This Court is the proper venue for this action as the Supplemental Income 401(k) Plan is administered in the County of Solano. 29 U.S.C. §1132(e)(2)

2.  <u>Intradistrict Assignment</u>. The acts and/or omissions alleged herein arose in the County of Solano and thus this matter is properly assigned to the Sacramento Division of the Eastern District Court.

///

///

**PARTIES**

1. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Plaintiff Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002 and 1132(d). Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A."

2. Plaintiff is informed and believes, and on that basis alleges, that during all relevant times described in this complaint, Defendant BAE Systems Technology Solutions & Service, Inc., ("Defendant") was a Delaware corporation doing business in Alaska and qualified for the transaction of intrastate business in the state of California.

**FACTUAL ALLEGATIONS**

3. Defendant is signatory to a Collective Bargaining Agreement ("CBA") with the International Brotherhood of Teamsters Local 959 ("Teamsters Local 959") which obligates Defendant to make contributions on behalf of its Clear Air Force Station, Alaska, employees to Plaintiff Trust Fund. A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

4. Defendant is also signatory to a Subscriber's Agreement with Teamsters Local 959 which makes Defendant a participant in Plaintiff Trust Fund and binds Defendant to the terms and conditions of the Trust Agreement (Exhibit "A"). A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

5. Pursuant to the terms of the Trust Agreement and the Subscriber's Agreement, Defendant is bound to make elective contributions deferred to the Trust Fund by eligible employees ("elective contributions") as well as employer contributions at the rates set forth in the CBA and Subscriber's Agreement.

6. Pursuant to the terms of the Trust Agreement and Subscriber's Agreement, Defendant is bound to transmit the contributions described above to the Trust Fund's Administrative Office immediately after each payroll period.

7. Transmission of said contributions must be in the format specified by Plaintiff Trust Fund and completed within fifteen (15) calendar days of the pay period. Contributions are considered delinquent if not fully transmitted and received by Plaintiff Trust Fund by the 15th calendar day following the pay day.

8. If a transmission is delinquent, the Employer is bound to pay liquidated damages and interest on the delinquent contributions. Specifically, Article XII, Section 3 of the Trust Agreement provides for the sum of six percent (6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received during the two weeks immediately following the date on which payments become delinquent, and the sum of twelve percent (12%) liquidated damages of the amount of payment due if the delinquency remains unpaid after the first two weeks immediately following the date on which payments become delinquent. Amendment Number Two to the Trust Agreement provides for the assessment of imputed interest. These amounts are in addition to legal fees and costs expended by Plaintiff Trust Fund in its collection efforts.

9. A number of Defendant's employees, who are also participants in Plaintiff Trust Fund, have contacted Plaintiff because they allege certain contributions were not paid on their behalf by Defendant to Plaintiff Trust Fund.

## FIRST CAUSE OF ACTION

### Audit and Accounting

10. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

11. Pursuant to Article V, Section 5 of the Trust Agreement, upon request in writing from Plaintiff Trust Fund, employers shall permit a certified public accountant selected by the Board of the Trust Fund to conduct an audit to determine whether the employer is making full and prompt payment of all sums it is required to pay to Plaintiff Trust Fund. Section 6 further provides that if an employer refuses the audit, the Employer shall be in breach of the Trust Agreement.

12. Plaintiff has made repeated attempts to secure certain payroll records for an audit covering the period of October 1, 2010 through the present to determine whether Defendant has made

full and prompt payment of all sums it is required to pay to Plaintiff Trust Fund on behalf of its participants.

13. Although Defendant has provided some of the requested records, it has failed to provide all of the records required to complete the audit as required by the Trust Agreement including, but not limited to, the following items:

    a. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

    b. Alaska State quarterly payroll tax returns (Form TQ01C). Please note that you may redact wage and social security numbers, so long as all employee names are listed;

    c. Monthly transmittals to the Trusts showing the names reported for benefits for both employer and employee contributions, as applicable;

    d. Monthly hours summaries or other document used by you to facilitate accurate reporting; and

    e. Detailed documentation of the job classifications of employees NOT reported to the Trusts. Please note that this information is only needed for the location tested - Clear Air Force Station, Alaska.

## SECOND CAUSE OF ACTION

**Collection of Unpaid Liquidated Damages and Interest Owed on Behalf of Participant Terry Stiefel**

14. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

15. Terry Stiefel is an employee of Defendant and participant in Plaintiff Trust Fund. Mr. Stiefel advised Plaintiff Trust Fund that certain contributions owed on his behalf were not paid by Defendant for the periods ending August 5, 2016 through July 3, 2017.

16. After Plaintiff contacted Defendant regarding this matter, Defendant paid Plaintiff Trust Fund $8,324.78 in delinquent contributions owed on behalf of Mr. Stiefel. However, although demands have been made, Defendant has not paid the $999.09 in liquidated damages and $1,793.66

in interest owed for late payment of the contributions. A chart setting forth amounts owed is attached as Exhibit "D" and is incorporated by reference.

### THIRD CAUSE OF ACTION

**Collection of Delinquent Contributions, Liquidated Damages and Interest Owed on Behalf of William St. George**

17. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

18. William St. George is an employee of Defendant and participant in Plaintiff Trust Fund. Mr. St. George contacted Plaintiff Trust Fund regarding certain missing contributions owed on his behalf by Defendant for various dates in 2007, 2008 and 2015. It is estimated that $1,937.53 in missing contributions are owed on behalf of Mr. St. George plus an unknown amount of liquidated damages and interest. The liquidated damages and interest are unknown because they cannot be assessed until the contributions have been paid.

19. Although demands have been made, Defendant has not responded to Plaintiff's inquiries on behalf of Mr. St. George nor paid the alleged missing contributions, liquidated damages and interest owed on his behalf. A chart setting forth the amounts owed is attached as Exhibit "E" and is incorporated by reference.

### FOURTH CAUSE OF ACTION

**Collection of Unpaid Liquidated Damages and Interest Owed for Account No. 652987**

20. Plaintiff realleges and incorporated by reference the allegations set forth above as though fully set forth herein.

21. Plaintiff company owes $13,569.91 in liquidated damages and $16,716.92 in interest for late payment of contributions owed for the periods ending January 6, February 3, March 12, September 15, and November 22, 2017 for a total of $30,286.83. A chart setting forth the amounts owed is attached as Exhibit "F" and is incorporated by reference.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering the following:

///

1. Defendant's full compliance with an audit covering the period of October 1, 2010 through the present by providing to Plaintiff Trust Fund's auditor, within ten (10) days, copies of the following documents and any other documents necessary to complete the audit:

   a. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

   b. Alaska State quarterly payroll tax returns (Form TQ01C). Please note that you may redact wage and social security numbers, so long as all employee names are listed;

   c. Monthly transmittals to the Trusts showing the names reported for benefits for both employer and employee contributions, as applicable;

   d. Monthly hours summaries or other document used by you to facilitate accurate reporting; and

   e. Detailed documentation of the job classifications of employees NOT reported to the Trusts. Please note that this information is only needed for the location tested - Clear Air Force Station, Alaska.

2. Payment by Defendant to Plaintiff of all contributions shown to be due and owing, if any, upon completion of the audit;

3. Payment by Defendant to Plaintiff of all liquidated damages and interest owed if unpaid contributions are discovered in the audit;

4. Payment by Defendant to Plaintiff of all audit fees and costs incurred by 2Plaintiff to enforce the audit, pursuant to the Trust Agreement and 29 U.S.C. §1132(g)(2)(D);

5. Payment by Defendant to Plaintiff of $999.09 in liquidated damages and $1,793.66 in interest now due and owing on behalf of Terry Stiefel for the periods ending August 5, 2016 through July 3, 2017;

6. Payment by Defendant to Plaintiff of all missing contributions, liquidated damages and interest now due and owing on behalf of William St. George, including, but not

limited to the periods ending September 28, 2007, June 1, June 2, and August 15, 2008 and January 9 and February 20, 2015;

7. Payment by Defendant to Plaintiff of $13,569.91 in liquidated damages and $16,716.92 in interest owed for Account Number 652987 for the periods ending January 6, February 3, March 12, September 15 and November 22, 2017;

8. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. §1132(g)(2)(D), and the Trust Agreement; and

9. For such other and further relief as may be proper.

Dated: March 9, 2018

BEESON, TAYER & BODINE, APC

By: *(signature)*
CATHERINE E. HOLZHAUSER
Attorneys for Trustees on Behalf of
Supplemental Income 401(k) Plan

COMPLAINT
Case No.

715325.docx    7

CATHERINE E. HOLZHAUSER, SBN 118756
BEESON, TAYER & BODINE, APC
520 Capitol Mall, Suite 300
Sacramento, CA  95814-4714
Telephone:    916.325.2100
Facsimile:     916.325.2120
Email:          cholzhauser@beesontayer.com

Attorneys for Plaintiff
Trustees on Behalf of Supplemental Income 401(k) Plan

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES ON BEHALF OF SUPPLEMENTAL INCOME 401(k) PLAN,<br><br>Plaintiff,<br><br>v.<br><br>BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICE, INC,<br><br>Defendant | Case No.<br><br>**COMPLAINT** |

PLAINTIFF ALLEGES AS FOLLOWS:

## JURISDICTION AND VENUE

1.      This action arises under the National Labor Relations Act, 29 U.S.C. §185, and under the Employee Retirement Income Security Act, 29 U.S.C. §§1132 and 1145 for the administration of trust fund business. This Court has jurisdiction pursuant to 29 U.S.C. §1132(e). This Court is the proper venue for this action as the Supplemental Income 401(k) Plan is administered in the County of Solano. 29 U.S.C. §1132(e)(2)

2.      Intradistrict Assignment. The acts and/or omissions alleged herein arose in the County of Solano and thus this matter is properly assigned to the Sacramento Division of the Eastern District Court.

///

///

## PARTIES

1. Plaintiff Trustees on Behalf of Supplemental Income 401(k) Plan ("Plaintiff" or "Plaintiff Trust Fund") is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002 and 1132(d). Plaintiff is a "Trust Fund" originally established by a Trust Agreement. A copy of the Agreement and Declaration of Trust (restated as of August 6, 2009), and all Amendments, are attached as Exhibit "A."

2. Plaintiff is informed and believes, and on that basis alleges, that during all relevant times described in this complaint, Defendant BAE Systems Technology Solutions & Service, Inc., ("Defendant") was a Delaware corporation doing business in Alaska and qualified for the transaction of intrastate business in the state of California.

## FACTUAL ALLEGATIONS

3. Defendant is signatory to a Collective Bargaining Agreement ("CBA") with the International Brotherhood of Teamsters Local 959 ("Teamsters Local 959") which obligates Defendant to make contributions on behalf of its Clear Air Force Station, Alaska, employees to Plaintiff Trust Fund. A true and correct copy of that Agreement is attached as Exhibit "B" and is incorporated by reference.

4. Defendant is also signatory to a Subscriber's Agreement with Teamsters Local 959 which makes Defendant a participant in Plaintiff Trust Fund and binds Defendant to the terms and conditions of the Trust Agreement (Exhibit "A"). A true and correct copy of the Subscriber's Agreement is attached as Exhibit "C" and is incorporated by reference.

5. Pursuant to the terms of the Trust Agreement and the Subscriber's Agreement, Defendant is bound to make elective contributions deferred to the Trust Fund by eligible employees ("elective contributions") as well as employer contributions at the rates set forth in the CBA and Subscriber's Agreement.

6. Pursuant to the terms of the Trust Agreement and Subscriber's Agreement, Defendant is bound to transmit the contributions described above to the Trust Fund's Administrative Office immediately after each payroll period.

7. Transmission of said contributions must be in the format specified by Plaintiff Trust Fund and completed within fifteen (15) calendar days of the pay period. Contributions are considered delinquent if not fully transmitted and received by Plaintiff Trust Fund by the 15th calendar day following the pay day.

8. If a transmission is delinquent, the Employer is bound to pay liquidated damages and interest on the delinquent contributions. Specifically, Article XII, Section 3 of the Trust Agreement provides for the sum of six percent (6%) liquidated damages (or $25.00, whichever is greater) for delinquent contribution amounts received during the two weeks immediately following the date on which payments become delinquent, and the sum of twelve percent (12%) liquidated damages of the amount of payment due if the delinquency remains unpaid after the first two weeks immediately following the date on which payments become delinquent. Amendment Number Two to the Trust Agreement provides for the assessment of imputed interest. These amounts are in addition to legal fees and costs expended by Plaintiff Trust Fund in its collection efforts.

9. A number of Defendant's employees, who are also participants in Plaintiff Trust Fund, have contacted Plaintiff because they allege certain contributions were not paid on their behalf by Defendant to Plaintiff Trust Fund.

## FIRST CAUSE OF ACTION

### Audit and Accounting

10. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

11. Pursuant to Article V, Section 5 of the Trust Agreement, upon request in writing from Plaintiff Trust Fund, employers shall permit a certified public accountant selected by the Board of the Trust Fund to conduct an audit to determine whether the employer is making full and prompt payment of all sums it is required to pay to Plaintiff Trust Fund. Section 6 further provides that if an employer refuses the audit, the Employer shall be in breach of the Trust Agreement.

12. Plaintiff has made repeated attempts to secure certain payroll records for an audit covering the period of October 1, 2010 through the present to determine whether Defendant has made

full and prompt payment of all sums it is required to pay to Plaintiff Trust Fund on behalf of its participants.

13. Although Defendant has provided some of the requested records, it has failed to provide all of the records required to complete the audit as required by the Trust Agreement including, but not limited to, the following items:

   a. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

   b. Alaska State quarterly payroll tax returns (Form TQ01C). Please note that you may redact wage and social security numbers, so long as all employee names are listed;

   c. Monthly transmittals to the Trusts showing the names reported for benefits for both employer and employee contributions, as applicable;

   d. Monthly hours summaries or other document used by you to facilitate accurate reporting; and

   e. Detailed documentation of the job classifications of employees NOT reported to the Trusts. Please note that this information is only needed for the location tested - Clear Air Force Station, Alaska.

## SECOND CAUSE OF ACTION

### Collection of Unpaid Liquidated Damages and Interest Owed on Behalf of Participant Terry Stiefel

14. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

15. Terry Stiefel is an employee of Defendant and participant in Plaintiff Trust Fund. Mr. Stiefel advised Plaintiff Trust Fund that certain contributions owed on his behalf were not paid by Defendant for the periods ending August 5, 2016 through July 3, 2017.

16. After Plaintiff contacted Defendant regarding this matter, Defendant paid Plaintiff Trust Fund $8,324.78 in delinquent contributions owed on behalf of Mr. Stiefel. However, although demands have been made, Defendant has not paid the $999.09 in liquidated damages and $1,793.66

in interest owed for late payment of the contributions. A chart setting forth amounts owed is attached as Exhibit "D" and is incorporated by reference.

### THIRD CAUSE OF ACTION

**Collection of Delinquent Contributions, Liquidated Damages and Interest Owed on Behalf of William St. George**

17. Plaintiff realleges and incorporates by reference the allegations set forth above, as though fully set forth herein.

18. William St. George is an employee of Defendant and participant in Plaintiff Trust Fund. Mr. St. George contacted Plaintiff Trust Fund regarding certain missing contributions owed on his behalf by Defendant for various dates in 2007, 2008 and 2015. It is estimated that $1,937.53 in missing contributions are owed on behalf of Mr. St. George plus an unknown amount of liquidated damages and interest. The liquidated damages and interest are unknown because they cannot be assessed until the contributions have been paid.

19. Although demands have been made, Defendant has not responded to Plaintiff's inquiries on behalf of Mr. St. George nor paid the alleged missing contributions, liquidated damages and interest owed on his behalf. A chart setting forth the amounts owed is attached as Exhibit "E" and is incorporated by reference.

### FOURTH CAUSE OF ACTION

**Collection of Unpaid Liquidated Damages and Interest Owed for Account No. 652987**

20. Plaintiff realleges and incorporated by reference the allegations set forth above as though fully set forth herein.

21. Plaintiff company owes $13,569.91 in liquidated damages and $16,716.92 in interest for late payment of contributions owed for the periods ending January 6, February 3, March 12, September 15, and November 22, 2017 for a total of $30,286.83. A chart setting forth the amounts owed is attached as Exhibit "F" and is incorporated by reference.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment ordering the following:

///

1. Defendant's full compliance with an audit covering the period of October 1, 2010 through the present by providing to Plaintiff Trust Fund's auditor, within ten (10) days, copies of the following documents and any other documents necessary to complete the audit:

    a. Payroll registers or other documents which show wages paid and hours worked by month (preferably) or week;

    b. Alaska State quarterly payroll tax returns (Form TQ01C). Please note that you may redact wage and social security numbers, so long as all employee names are listed;

    c. Monthly transmittals to the Trusts showing the names reported for benefits for both employer and employee contributions, as applicable;

    d. Monthly hours summaries or other document used by you to facilitate accurate reporting; and

    e. Detailed documentation of the job classifications of employees NOT reported to the Trusts. Please note that this information is only needed for the location tested - Clear Air Force Station, Alaska.

2. Payment by Defendant to Plaintiff of all contributions shown to be due and owing, if any, upon completion of the audit;

3. Payment by Defendant to Plaintiff of all liquidated damages and interest owed if unpaid contributions are discovered in the audit;

4. Payment by Defendant to Plaintiff of all audit fees and costs incurred by 2Plaintiff to enforce the audit, pursuant to the Trust Agreement and 29 U.S.C. §1132(g)(2)(D);

5. Payment by Defendant to Plaintiff of $999.09 in liquidated damages and $1,793.66 in interest now due and owing on behalf of Terry Stiefel for the periods ending August 5, 2016 through July 3, 2017;

6. Payment by Defendant to Plaintiff of all missing contributions, liquidated damages and interest now due and owing on behalf of William St. George, including, but not

        limited to the periods ending September 28, 2007, June 1, June 2, and August 15, 2008 and January 9 and February 20, 2015;

7. Payment by Defendant to Plaintiff of $13,569.91 in liquidated damages and $16,716.92 in interest owed for Account Number 652987 for the periods ending January 6, February 3, March 12, September 15 and November 22, 2017;

8. Reasonable attorney's fees and costs in this action pursuant to 29 U.S.C. §1132(g)(2)(D), and the Trust Agreement; and

9. For such other and further relief as may be proper.

Dated: March 9, 2018                BEESON, TAYER & BODINE, APC

By: _____
CATHERINE E. HOLZHAUSER
Attorneys for Trustees on Behalf of
Supplemental Income 401(k) Plan